IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDRIC GREENE, | § | |
| Plaintiff, | § | |
| v. | § | No. 3:19-cv-01033-G (BT) |
| | § | |
| | § | |
| GREYHOUND LINES INC, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Cedric Greene filed this *pro se* civil action in federal court on April 30, 2019. The Court granted him leave to proceed *in forma pauperis*, but withheld process pending judicial screening. Now, for the following reasons, the Court recommends that Plaintiff's complaint be dismissed.

I.

Plaintiff states he bought a roundtrip bus ticket from Defendant Greyhound Lines, Inc. to travel to Oakland, California.[1] The return date on the ticket was January 12, 2015. Plaintiff states his money was stolen while he was in Oakland, so he attempted to use his return bus ticket on January 10, 2015, but Defendant's representatives in Oakland refused to allow him to use the ticket until January 12, 2015. Plaintiff states he contacted the Oakland Police Department and officers

---

[1] Plaintiff is a resident of California and the incident in his complaint occurred in California. He states he filed this case in the Northern District of Texas because Defendant's corporate office is located in Dallas, Texas.

convinced Defendant's representatives to allow him to use the ticket to return home on January 10, 2015. Plaintiff seeks $80,000 in damages for mental anguish and emotional distress for Defendant's "breach of service."

## II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## III.

To the extent Plaintiff attempts to raise a breach of contract claim, he fails state a claim upon which relief may be granted. Although the Court sent Plaintiff a Magistrate Judge's Questionnaire instructing him to state all facts supporting his

claims, (ECF No. 7), Plaintiff failed to provide the Court with the terms of any contract between him and Defendant, or state how the contract was breached. Plaintiff has therefore failed to plead enough facts to state a plausible breach of contract claim. His breach of contract claim should be summarily dismissed.

To the extent Plaintiff attempts to raise a claim for intentional infliction of emotional distress, his claim is barred by the statute of limitations. Under both Texas and California law, the statute of limitations for a claim of intentional infliction of emotional distress is two years. *See* Tex. Civ. Proc. Code § 16.003; Cal. Civ. Proc. Code § 335.1. Plaintiff states the incident in his complaint occurred on January 10, 2015. He did not file this complaint until April 30, 2019—more than four years later. He also does not raise any claim for equitable tolling of the limitations period. Plaintiff's claim should therefore be dismissed.

IV.

For the foregoing reasons, the Court recommends that Plaintiff's complaint be summarily dismissed.

Signed October 8, 2019.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).